rising star constr. v. yater

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-372-CV

RISING STAR CONSTRUCTION, INC. APPELLANT

V.

C.M. YATER & SONS MANUFACTURING APPELLEE

JEWELERS, INC. 

------------

FROM THE 48
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

On September 27, 2002, the trial court granted summary judgment to appellee C.M. Yater & Sons Manufacturing Jewelers, Inc. (“Yater”), confirming an arbitration award of $49,012, plus pre- and post-judgment interest and attorney’s fees.  Appellant Rising Star Construction, Inc. (“Rising Star”) appeals from the trial court’s summary judgment, arguing the trial court erred in granting summary judgment to Yater because the arbitrator did not follow the correct rules of procedure and that the arbitrator’s failure to allow it to cross-examine the post-hearing testimony was a violation of its fundamental due process rights.  Rising Star also contends that the trial court erred in not granting its motion for summary judgment seeking to vacate the arbitration award.  We affirm.

In June 1995, Rising Star entered into a construction contract with Yater to provide construction services.  The contract contained an arbitration provision, which stated that the parties agreed to arbitrate all claims or disputes arising out of or relating to the contract.  A dispute arose between the parties, and they submitted a claim to arbitration in accordance with the Construction Industry Dispute Resolution Procedures (“CIDRP”) of the American Arbitration Association.  On June 10, 2002, the arbitrator awarded Yater $49,012, plus post-judgment interest.  No record of the arbitration proceedings was presented to this court or the trial court.

Rising Star contends that during the arbitration the arbitrator stopped the hearing and informed Yater that it was not meeting its burden of proof.  Rising Star states that at this time it had already presented its evidence and that the arbitrator advised Yater to reflect on its position and present it in the form of post-hearing briefs along with additional supporting evidence.  When the proceedings reconvened, Rising Star states that Yater “not only presented briefs and evidence to the arbitrator in support of its counterclaim [but that it] also submitted testimony in the form of affidavits” and other supporting documentation.  According to Rising Star, after Yater submitted this evidence and briefs, the arbitrator entered an award for Yater without affording it the opportunity to cross-examine or challenge the post-hearing testimony and evidence.  The only evidence in the record that supports Rising Star’s contentions of the way the arbitrator conducted the proceedings comes from the affidavit of George Sheban, the President of Rising Star, which was filed with Rising Star’s response to Yater’s motion for summary judgment.

On September 27, 2002, the trial court granted summary judgment to Yater, confirming the arbitration award.  The trial court did not rule on Rising Star’s motion for summary judgment.  In all three issues on appeal, Rising Star essentially argues the same thing: The trial court erred in confirming the arbitration award for Yater because in doing so the trial court ruled that Rising Star did not have the right to cross-examine or challenge Yater’s post-arbitration hearing testimony and evidence, which is contrary to its due process rights under the United States and Texas Constitutions.

In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co.
, 73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel, 
997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

Under the Texas General Arbitration Act, a trial court, on application of a party, shall confirm an arbitration award “[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.087 (Vernon Supp. 2003).  Section 171.088 states:

(a) On application of a party, the court shall vacate an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

Id.
 § 171.088.  Section 171.047 states that “
[u]nless otherwise provided by the agreement to arbitrate
, a party at the hearing is entitled to: (1) be heard; (2) present evidence material to the controversy; and (3) cross-examine any witness.” 
 Id.
 § 171.047 (emphasis added).  

The only basis presented by Rising Star on appeal for vacating the arbitration award is that the arbitrator conducted the hearing contrary to section 171.047.  Rising Star makes no other argument that would support vacating the arbitrator’s award under section 171.088.  Thus, we will only address whether an issue of fact exists as to whether the arbitrator violated section 171.047.

Under the terms of the arbitration agreement between Rising Star and Yater, the parties agreed that arbitration would be conducted in accordance with the CIDRP.  These rules allow the arbitrator “to vary” the procedure for the presentation of evidence so long as each party is “treated with equality and that each party has the right to be heard and is given a fair opportunity to present its case.” 
American Arbitration Ass’n, Constr. Indus. Dispute Resolution Procs.
 Rule 33(a) (effective July 1, 2001).  Exercising its discretion, the arbitrator also “shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof . . . and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.”  
Constr. Indus. Dispute Resolution Procs.
 Rule 33(b).  The parties “shall produce such evidence as the arbitrator may deem necessary to an understanding and determination of the dispute.” 
 Constr. Indus. Dispute Resolution Procs.
 Rule 34(a).  Finally, although all evidence is to be taken, subject to certain exceptions, in the presence of the arbitrator and the parties, the rules permit the arbitrator to receive and consider testimony by declaration or affidavit and to have that testimony submitted post-hearing, as long as all the parties “shall be afforded an opportunity to examine and respond” to that evidence.
  Constr. Indus. Dispute Resolution Procs.
 Rules 34(b), 35(a)-(b).

Because Rising Star agreed to arbitrate according to arbitration rules that gave the arbitrator the authority to consider post-hearing evidence, the arbitrator did nothing improper in requesting that Yater submit post-hearing testimony.  Further, the record shows that after Yater submitted the disputed evidence on May 6, 2002, Rising Star was given an opportunity to respond to it and submitted on May 25, 2002, a position paper and its own evidence, including the affidavits of George Sheban and Patrick Schurr and “[t]he plans and specifications and the structural drawings.”  Thus, even though Rising Star also submitted post-hearing evidence, it complains about Yater being permitted to do so.  Because Rising Star had an opportunity to respond to Yater’s post-hearing evidence and the arbitrator was authorized to request post-hearing evidence under the CIDRP, we hold there was no issue of fact regarding whether the arbitrator violated section 171.047 and that the trial court did not err in confirming the arbitration award by granting Yater summary judgment.  We overrule issues one and three.  In light of our decision on issues one and three, we do not need to address issue two.  
See
 
Tex. R. App. P. 
47.1.

We affirm the trial court’s judgment. 

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DELIVERED: June 26, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.